UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEDRO BAZURTO,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF GILROY POLICE DEPARTMENT, and DOES 1 through 50,<br><br>    Defendants. | Case No. 21-cv-06829-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF GILROY POLICE DEPARTMENT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

Plaintiff Pedro Bazurto sues the City of Gilroy Police Department ("GPD"), along with unnamed Doe defendants, for alleged constitutional violations under 42 U.S.C. § 1983 and state law torts. Dkt. No. 1, Ex. A. Before the Court is GPD's motion to dismiss portions of Mr. Bazurto's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 5. Having considered the parties' moving papers and arguments made at the hearing on October 19, 2021, the Court grants in part and denies in part GPD's motion, without prejudice to Mr. Bazurto filing an amended complaint.

I.  **BACKGROUND**

For purposes of this motion, the Court accepts as true the following factual allegations, which are taken from Mr. Bazurto's complaint and documents incorporated by reference in the complaint. Dkt. No. 1, Ex. A; Dkt. No. 5-1, Ex. B, Ex. C; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

On or about the evening of January 28, 2020, Mr. Bazurto entered a men's restroom in

Miller Park in Gilroy, California. Dkt. No. 1, Ex. A ¶ 22. While in the restroom, Mr. Bazurto heard sirens that sounded as if they were approaching the park. *Id.* ¶ 23. GPD officers then approached the door of the men's restroom and ordered Mr. Bazurto to come out. *Id.* ¶ 24. Mr. Bazurto did not respond or come out of the restroom. *Id.* ¶ 25. The officers forced open the restroom door and dragged Mr. Bazurto outside the restroom. *Id.* ¶¶ 26–27. Mr. Bazurto says that he did not resist or threaten any officer but remained passive. *Id.* ¶ 28.

Two officers then held Mr. Bazurto's arms away from his body while he stood in front of other officers. *Id.* ¶ 29. The officers punched Mr. Bazurto multiple times using their fists, and one officer deployed a taser to Mr. Bazurto's ear. *Id.* ¶¶ 29-31. Mr. Bazurto was then put face-down on the ground with his hands cuffed behind his back. *Id.* ¶ 33. While face down and handcuffed, one of the officers deployed a police canine, who bit Mr. Bazurto's right calf. *Id.* ¶ 34. The bite lasted for over a minute. *Id.* ¶ 35.

Mr. Bazurto alleges on information and belief that the officers mistook him for a suspect whom they were pursuing, and that when they realized their mistake, they called for an ambulance. *Id.* ¶ 37. Mr. Bazurto, accompanied by several officers, was first treated at St. Louise Hospital. *Id.* ¶ 38. However, due to the severity of his injuries from the dog bite, he was later transported to San Jose Valley Medical Center for surgery. *Id.* ¶¶ 39–40. Mr. Bazurto has not been charged with any crime relating this incident. *Id.* at 8, ¶ 38 (misnumbered).

On October 27, 2020, Mr. Bazurto submitted to the City of Gilroy ("the City") a claim against the Gilroy Police Department and its employees for the use of excessive force. Dkt. No. 1, Ex. A ¶ 6; Dkt. No. 5-1, Ex. B. The claim listed the location of the incident as "Miller Park located near the corner of Princevalle and 1st Street in Gilroy, CA," and provided a description of the incident. Dkt. No. 5-1, Ex. B, at 2. The claim contained at least two errors. It referred to Mr. Bazurto as "Pedro Vazurto," misspelling his last name, and it stated that the incident occurred on "April 28, 2020," instead of January 28, 2020.

On January 28, 2021, the City rejected Mr. Bazurto's claim in a letter addressed to his counsel. Dkt. No. 1, Ex. A ¶ 7; Dkt. No. 5-1, Ex. C. The City's letter referred to "Claimant: Pedro Bazurto," correctly spelling his last name, and stated in relevant part:

> NOTICE IS HEREBY GIVEN that the claim for damages your client presented to the City of Gilroy on October 28, 2020[1] was rejected by the City Council on January 25, 2021.
>
> WARNING
>
> Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Dkt. No. 5-1, Ex. C. The letter did not give a reason for the claim's rejection.[2]

On June 17, 2021, Mr. Bazurto filed this action in the Superior Court of Santa Clara County against GPD and Does 1 through 50, who represent unknown GPD employees or agents. Dkt. No. 1, Ex. A ¶¶ 2, 12, 13. Mr. Bazurto alleges that Does 1 through 25 are directly liable for his injuries, while Does 26 through 50 are supervisory employees whose actions were ratified by GPD. Dkt. No. 1, Ex. A ¶¶ 13, 19, 55. He sues all Does in their individual and official capacities. *Id.* ¶¶ 12, 13.

Mr. Bazurto asserts several claims for relief. First, he asserts two claims for violation of his Fourth Amendment rights against Does 1 through 25 for unlawful detention and arrest and for excessive force. *Id.* ¶¶ 39–52. Second, Mr. Bazurto asserts a *Monell*[3] claim against GPD for (1) maintaining an unconstitutional policy or custom of using excessive force through the use of tasers, police canines, and other conduct, for which GPD maintains inadequate procedures for review and discipline; (2) maintaining an unconstitutional policy or custom of detaining and arresting people without probable cause or reasonable suspicion; (3) failing to train its employees

---

[1] It is not clear whether the "October 28, 2020" date is a typographical error or whether it reflects the date on which the City received Mr. Bazurto's claim.

[2] GPD urges the Court to consider Mr. Bazurto's October 27, 2020 claim as well as the City's January 28, 2021 rejection letter. The complaint refers to both documents, Dkt. No. 1, Ex. A ¶¶ 6, 7, and Mr. Bazurto does not object to the Court considering them. As these documents are incorporated by reference in the complaint, the Court will consider them for purposes of this motion. *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

[3] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

1    regarding the proper use of police dogs, tasers, and unreasonable detentions and arrests; and (4)
2    ratifying the "intentional misconduct" of Does 1 through 25. *Id.* ¶¶ 53–64. Third, Mr. Bazurto
3    asserts four state law claims for false arrest, battery, negligence, and violations of the Bane Act,
4    Cal. Civ. Code § 52.1, *et seq.*[4] *Id.* ¶¶ 65–100.

GPD now moves to dismiss the *Monell* claim and all state law claims asserted against it. Dkt. No. 5.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-

---

[4] Mr. Bazurto asserts negligence and Bane Act violations against all defendants; he asserts false arrest and battery against Does 1 through 25 only.

1  defendant-unlawfully-harmed-me accusation." *Id*. at 678.

2  Documents appended to or incorporated into the complaint or which properly are the
3  subject of judicial notice may be considered along with the complaint when deciding a Rule
4  12(b)(6) motion. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

**III.  DISCUSSION**

The Court first considers whether the complaint fails to state a *Monell* claim, and then considers whether Mr. Bazurto's state law claims are time-barred.

**A.  *Monell* Claim Against Gilroy Police Department**

In his third claim for relief, Mr. Bazurto alleges violations of his Fourth Amendment rights based on unconstitutional policies, practices, or customs of GPD.

A government entity may not be held liable for constitutional violations under 42 U.S.C. § 1983 unless the plaintiff establishes (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy, practice, or custom; (3) that this policy, practice, or custom amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy, practice, or custom is the moving force behind the constitutional violation. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks and citation omitted). "Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Dougherty*, 654 F.3d at 900.

The complaint alleges that GPD has several policies, practices, or customs that reflect a deliberate indifference to Mr. Barzurto's Fourth Amendment rights. However, the complaint contains no factual allegations plausibly supporting the existence of any such policies, practices, or customs, beyond the facts of Mr. Bazurto's own encounter with GPD officers on January 28, 2020. To the extent Mr. Bazurto contends that an unconstitutional policy, practice, or custom may simply be inferred from what occurred during the single incident in which he was involved, he is incorrect. Absent factual allegations supporting the existence of a formal governmental policy, or "evidence of a conscious, affirmative choice by a municipal policymaker," *Gillette v. Delmore*,

979 F.2d 1342, 1347 (1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016), "[l]iability for an unconstitutional custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The same is true for *Monell* liability based on a failure to train theory. While Mr. Bazurto is correct that the Supreme Court has not "forcelose[d] the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability," *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997), "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation and internal quotation marks omitted). Here, the complaint contains no factual allegations supporting Mr. Bazurto's claim that GPD's training of its officers was inadequate.

GPD also challenges Mr. Bazurto's *Monell* ratification theory. A plaintiff may establish municipal liability by showing that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette*, 979 F.2d at 1348. The complaint alleges that GPD "ratif[ied] the intentional misconduct" of its officers, but it contains no factual allegations that plausibly support that assertion apart from an allegation that none of the officers was disciplined. *See* Dkt. No. 1, Ex. A ¶¶ 58(d), 58(e). These allegations are insufficient to state a claim. *Gillette*, 979 F.2d at 1348 ("To hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law.").

Accordingly, Mr. Bazurto's third claim for relief against GPD must be dismissed.

**B.     State Law Claims Against Gilroy Police Department**

GPD contends that Mr. Bazurto's state law claims against it must be dismissed because they are time-barred. *See* Dkt. No. 5 at 10–14. Specifically, GPD argues that Mr. Bazurto failed

to submit his claim within six months of the date on which it accrued, and he failed to seek leave to present a late claim within one year. Dkt. No. 5 at 11, 12. The Court disagrees that these state law claims must be dismissed as untimely as a matter of law at the pleading stage.

The California Government Claims Act, Cal. Gov't Code § 810 *et seq*., requires claimants seeking compensation or damages for injuries caused by a public entity or its employees to submit a claim "not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2(a). If such a claim is not presented within six months, the claimant may apply for leave to present a late claim, so long as the application is submitted "within a reasonable time not to exceed one year after the accrual of the cause of action." Cal. Gov't Code § 911.4(a), (b). If a claim is presented later than six months after it accrued, but without an application for leave, the public entity *may*, within 45 days after the claim is presented, give written notice of the untimeliness to the claimant and the opportunity to seek leave to present a late claim. Cal. Gov't Code § 911.3(a). If the public entity chooses not to give this notice within 45 days, it *waives* any defense that that claim was not timely presented, barring certain exceptions not applicable here. Cal. Gov't Code § 911.3(b).

Here, Mr. Bazurto alleges that, due to a miscommunication with his counsel, he presented his claim against GPD on October 27, 2020 based on an asserted (but incorrect) date of accrual of April 28, 2020. At no time did the City provide notice to Mr. Bazurto that his claim was untimely. Mr. Bazurto's counsel did not learn of the mistake regarding the accrual date until he received the City's rejection letter, dated January 28, 2021. As it happens, January 28, 2021 is exactly one year after the actual accrual date of the incident in question—January 28, 2020. Mr. Bazurto acknowledges that his claim was not submitted within six months of the date on which his cause of action accrued and that he did not apply for leave to file a late claim within one year of the accrual date. However, he alleges that the City actually knew about the incident to which his claim refers, including the correct date on which it occurred, and that the City deliberately waited until expiration of the one-year period to apply for leave before rejecting his claim. Dkt. No. 1, Ex. A ¶ 9. Mr. Bazurto argues that, by electing not to provide the notice required by Cal. Gov't Code § 911.3(a), GPD waives any defense that his claim is time-barred by operation of Cal. Gov't

1  Code § 911.3(b).

2  Considering the allegations of the complaint, as well as Mr. Bazurto's claim and the City's rejection letter, which are incorporated by reference, the Court cannot conclude as a matter of law that Mr. Bazurto's state law claims are barred for failure to satisfy the requirements of the California Government Claims Act. Mr. Bazurto plausibly alleges that the City knew or should have known that his claim referred to an incident that occurred on January 28, 2020 and that his presentation of the claim was therefore untimely. "While a public entity is not *required* to investigate a claim for timeliness, it fails to do so at the risk of waiving a timeliness defense in litigation . . . In particular, the notice and defense-waiver provisions (§§ 910.8, 911, 911.3) furnish strong incentive for a public entity to investigate a claim even if they do not require a public entity to do so." *Roger v. County of Riverside*, 44 Cal. App. 5th 510, 526 (2020) (citation and internal quotation marks omitted) (emphasis in original). And if the City did know that Mr. Bazurto's claim was untimely, it was required to provide the notice required by Cal. Gov't Code § 911.3(a) or else waive any defense that his claim was untimely. *See id.* at 523–26 (where county had information accurately reflecting the date of accrual of the claim but failed to notify plaintiff the claim was untimely, county waived its timeliness defense); *see also Trujillo v. City of Ontario*, 428 F. Supp. 2d 1094, 1117–18 (C.D. Cal. 2006) (where the City denied plaintiffs' claims on the merits and did not notify plaintiffs that their claims were untimely, it waived timeliness defense). GPD disputes that it knew or should have known that Mr. Bazurto's claim was untimely when it reviewed his claim. Dkt. No. 11 at 6–7 ("Although all parties are now aware that Plaintiff's claim was untimely, when the claim was submitted with the wrong date of the incident, the City referenced their system and could not find an incident occurring on that date.") GPD's version of events is unsupported by any evidence properly before the Court at this time. However, if the facts surrounding the question of waiver are indeed disputed, then the question is not amenable to resolution as a matter of law at the pleading stage.

Accordingly, the Court denies GPD's motion to dismiss Mr. Bazurto's state law claims against it.

8

## IV. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012) (citation omitted). Here, Mr. Bazurto has requested leave to amend, *see* Dkt. No. 10 at 24–25, and at the October 19, 2021 hearing, his counsel advised that Mr. Bazurto could allege additional facts in support of his third claim for relief, if given the opportunity to amend. Because it does not appear that amendment would be futile, the Court will permit Mr. Bazurto to amend his third claim for relief.

## V. CONCLUSION

For the foregoing reasons, the Court grants GPD's motion to dismiss Mr. Bazurto's third claim for relief, with leave to amend. The Court denies GPD's motion to dismiss Mr. Bazurto's state law claims. Mr. Bazurto may file an amended complaint within 21 days of this order that addresses the deficiencies identified above.

**IT IS SO ORDERED.**

Dated: October 26, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

9